**Duane ZIEMBA, Plaintiff–Appellee,**

v.

**John ARMSTRONG, I/O, Giovanny Gomez, I/O, Reginald MacAllister, I/O, Margaret Clark, Defendants–Appellants,**

**Jonas, I/O, Zieller, I/O, Lori Krajniak, I/O, Mac Donald, I/O, Bradnan, I/O, Edward Blanchette, I/O, Ray Elterich, I/O, Dennis Olglesby, I/O, John Sergeant, I/O, Morgan Vigneron, I/O, Fred Serafini, I/O, Virginia Turner, I/O, Sebastian Mangiafico, I/O, Defendants.**

Docket No. 04–6454–PR.

United States Court of Appeals, Second Circuit.

Argued: Sept. 15, 2005.

Decided: Nov. 29, 2005.

Antonio Ponvert III, Koskoff Koskoff & Bieder, P.C., Bridgeport, CT (Jim Nugent, Nugent and Bryant, Orange, CT, on the brief), for Plaintiff–Appellee.

Matthew B. Beizer, Assistant Attorney General (Richard Blumenthal, Attorney General for Connecticut, on the brief), Hartford, CT, for Defendants–Appellants.

Before: MINER and WESLEY, Circuit

Judges, and RAKOFF, District Judge.[1]

PER CURIAM.

Plaintiff Duane Ziemba, a mentally ill inmate housed in Connecticut State prison, brought suit under 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was placed for 22 hours in total ("four-point") restraints, beaten, and denied needed medical care. Five of the numerous prison officers whom Ziemba sued moved for summary judgment in their favor, but the district court denied the motion as to all but one. *See Ziemba v. Armstrong,* 343 F.Supp.2d 173 (D.Conn. 2004). Pursuant to the doctrine of qualified immunity (which shields public officials from suit if their actions were objectively reasonable), the remaining four now prosecute this interlocutory appeal. *See Poe v. Leonard,* 282 F.3d 123, 131–32 (2d Cir.2002). We review the record *de novo. Id.* at 131.

Two of the appellants here, former Connecticut Department of Corrections Commissioner John Armstrong and Prison Warden Giovanny Gomez, were not personally involved in the incident in issue; their liability, if any, must be premised on the theory that they, as supervisors, either exhibited deliberate indifference to what was going on (by failing to act on information indicating unconstitutional acts were occurring) or were grossly negligent in failing to supervise the subordinates who committed such wrongful acts. *See Poe,* 282 F.3d at 140–41.

■ As to Armstrong, Ziemba has failed to provide any evidence that would support a jury finding that Armstrong exhibited deliberate indifference to Ziemba's constitutional rights or was grossly negligent in training the subordinates who allegedly violated those rights. Armstrong was not informed of the restraint of Ziemba and was totally unaware of any beatings until long after the fact. Although there is evidence that Armstrong was informed that prison guards at a different correctional institution had previously beaten plaintiff, Armstrong responded promptly and appropriately to those incidents. As for training, Ziemba has not come forward with any competent evidence that the training promulgated and supervised by Armstrong deviated in any material respect from accepted training practices. Under those practices, the use of four-point restraints was far more limited than what is alleged to have occurred here and the unreasonable use of force was prohibited. Finally, while the unreasonable restraint of plaintiff may have been partly attributable to the guards' failure to know of his psychiatric problems, this was a function, not of any inadequate training or other supervisory failure, but of a staff miscommunication in failing to forward plaintiff's full psychiatric records at the time that he was transferred from one prison facility to another. This is not itself sufficient to support supervisory liability. *See Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

■ Ziemba's attempts to impose supervisory liability on Gomez fail for the same reasons. Although Gomez, unlike Armstrong, was informed that Ziemba had been placed in restraints, there is no evidence from which a reasonable juror could infer that this notification occurred at any point other than early in the twenty-two-hour period, at which time Gomez would have had no reason to question the need

1. The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

for the restraint. While it was standard policy that someone (though not necessarily Gomez) would be informed every eight hours if restraints were continuing, there is no evidence that Gomez was so informed and hence no reason to impose liability on him personally. *See Poe,* 282 F.3d at 140.

Accordingly, Armstrong and Gomez are entitled to summary judgment on all claims against them.

 The other two appellants, Nurse Margaret Clark and Medic Reginald McAllister, were, like Armstrong and Gomez, not personally involved in the restraint of Ziemba or in the administering of force that allegedly caused him injuries while he was restrained. Thus, they are not subject to direct liability for any claim of excessive force. Nor is there any basis for a claim that they failed to protect plaintiff given that they did not even encounter plaintiff until toward the end of the 22-hour period of restraint. However, when they did eventually come to check on plaintiffs' medical condition, they ignored, according to plaintiff, evidence that he had suffered physical injury as well as his own statements to them that he was seriously injured and needed medical attention. On the basis of Clark's and McAllister's recognition that plaintiff had been restrained for a great many hours and their apparent failure to consult his files (which, even in their incomplete form, might have alerted them to his psychiatric difficulties), a reasonable juror could conclude that their alleged failure to attend to his complaints constituted deliberate indifference to serious medical needs, in violation of his constitutional rights. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Accordingly, we reverse the district court's decision to deny summary judgment to defendants Clark and McAllister on Ziemba's claims of use of excessive force and failure to protect, but affirm as to his claims of deliberate indifference.

For the forgoing reasons, we remand to the district court with instructions that summary judgment be entered in favor of defendants Armstrong and Gomez on all claims against them and that summary judgment be entered in favor of defendants Clark and McAllister on all claims except deliberate indifference to his medical needs (as to which we affirm).